**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JULIE DANIELS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

CASE NO. 2:16-cv-10452

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Before the Court is Plaintiff Julie Daniels' objection to the Magistrate Judge's Report & Recommendation ("R&R"). (Doc. 22). Magistrate Judge Mona K. Majzoub considered the parties' cross motions for summary judgment and, on May 22, 2017, entered an R&R. (Doc. 21). In the R&R, Magistrate Judge Majzoub recommended that the Court grant the Commissioner's motion for summary judgment and deny Plaintiff's motion for summary judgment. For the reasons that follow, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, **GRANTS** the Commissioner's Motion for Summary Judgment (Doc. 18), and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 17).

**II.    STATEMENT OF FACTS**

As the parties have not objected to the R&R's summary of the facts and procedural history, the Court adopts that portion of the R&R. (See Doc. 21, p. 2).

## III. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's R&R

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

### B. Standard of Review Applicable to Social Security Cases

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

## IV. DISCUSSION

Plaintiff contends the ALJ failed to consider all of the evidence of record, before concluding that there were a significant number of jobs in the national economy suitable

3

for Plaintiff. Specifically, Plaintiff states that her need to take substantial time off of work due to her mental impairments substantially limits the opportunities available to her.

The same argument was raised before and considered by the Magistrate Judge. The Magistrate Judge noted that the ALJ did in fact find much of Dr. Harley's opinion, the vocational expert, to be persuasive, however, the ALJ also found some inconsistencies with Plaintiff's mental status exam results. (Doc. 21 at 8). Specifically, the R&R states:

> The ALJ reviewed Dr. Harley's opinion and found much of it to be persuasive. But the ALJ found Dr. Harley's opinion regarding Plaintiff's deficiencies in concentration, persistence, and pace to be inconsistent with the results of Plaintiff's May and June 2013 mental status exams administered by her treating psychiatrist, Dan G. Guyer, M.D., which revealed that Plaintiff's thought processes, attention, concentration, comprehension, memory, judgment, and insight were 'okay.' Because the ALJ did not adopt Dr. Harley's opinion regarding Plaintiff's deficiencies in concentration, persistence, and pace, he likewise did not incorporate into the RFC Dr. Harley's opinion that Plaintiff would likely need greater than average work absence to attend her ongoing mental health appointments and medication reviews as a result of those deficiencies. Therefore, the ALJ's non-reliance on the VE's testimony that there would be no competitive employment for Plaintiff if she would need to be off task for more than 30 percent of the workday or have more than eight absences per year was not erroneous.

(Doc. 21 at 8) (internal citations omitted).

Plaintiff objects to the Magistrate Judge, arguing that although the R&R implies the ALJ made mention of Plaintiff's vocational opportunity limitations, it makes no mention of where he ALJ discussed this. Plaintiff further reiterates her previous argument, claiming that this evidence was ignored by the ALJ. Plaintiff's VE, Dr. Harley, testified to the fact that the number light, unskilled opportunities such as that of a general office clerk, was 10,000 regionally. Dr. Harley further testified that there were 2,200 visual inspector positions nationally and 5,000 housekeeper positions regionally.

4

When questioned as to how these positions structured the need for completing the work, Dr. Harley noted that the work must simply get done in eight hours, regardless of if more work or less work is done in the afternoon. The ALJ later followed up with Dr. Harley to pose a hypothetical – would there be any competitive jobs available if Plaintiff was off-task for "maybe more than 30 percent off the day". (Tr. 89). Dr. Harley responded that there would be no jobs in this scenario, and that the tolerance for being off-task would be no more than 20 percent of the day. Dr. Harley also stated that the tolerance for absences would be no more than eight days in a year.

As noted in the R&R, the ALJ specifically states that he found much of Dr. Harley's opinion to be persuasive. However, the ALJ noted that "Dr. Harley notes a marked finding in concentration, persistence, or pace, [that is] simply not consistent with the treating source mental status exam of record that repeatedly reveal[ed] satisfactory findings." (Tr. 61). Plaintiff's May and June 2013 mental status exams revealed that Plaintiff's thought processes, attention, concentration, comprehension, memory, judgment, and insight were "okay." Id. The ALJ did not adopt Dr. Harley's opinion regarding Plaintiff's deficiencies in concentration, persistence, and pace, and therefore did not incorporate the specific opinion that Plaintiff would likely need greater than average work absence to attend her ongoing mental health appointments and medication reviews as a result of those deficiencies. The ALJ however did note that his decision was based on the testimony of the vocational expert, and specifically referenced the regional opportunities numbers presented by Dr. Harley. (Tr. 63). Contrary to Plaintiff's belief, the ALJ's opinion does not ignore any of Dr. Harley's

5

testimony, but rather specifically confronts and addresses both its consistencies and inconsistencies.

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole.  Wyatt, 974 F.2d at 683.  Having considered the record as a whole, and in consideration of Plaintiff's objections, the Court concludes the ALJ's non-reliance on the VE's testimony as to her competitive employment opportunities, if she would need to be off-task for more than 30 percent of the workday or have more than eight absences per year, was not erroneous.

## V. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, **GRANTS** the Commissioner's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Date: September 27, 2017
s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 27, 2017.

s/ Kay Doaks
Case Manager